978 F.2d 1265
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ORANGE SHOW LINCOLN MERCURY, et al., Plaintiffs-Appellants,
v.
CITY OF SAN BERNARDINO, et al., Defendants-Appellees.
 No. 91-55798.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 9, 1992.
Decided Nov. 5, 1992.
 
 Before FEINBERG,* GOODWIN and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Plaintiffs Orange Show Lincoln Mercury, Timothy L. Woods and William E. Shack, Jr. appeal from a judgment of the United States District Court for the Central District of California, dismissing their complaint. Their principal claim on appeal is that the district court erred in not allowing them to withdraw certain admissions under Fed.R.Civ.P. 36.
 
 I.
 
 3
 Plaintiffs initiated this action in January 1988 against the City of San Bernardino and the Redevelopment Agency of San Bernardino (City defendants) and Daniel S. Evans & Associates, the San Bernardino Auto Plaza Association, the Orange Show Plaza Association, Ronald McMahon and Daniel S. Evans (Plaza defendants). In their complaint, plaintiffs alleged several state-law causes of action--including fraud, negligent misrepresentation, breach of contract and intentional and negligent infliction of emotional distress--arising from the construction of an "auto plaza." Plaintiffs also alleged racial discrimination under Title VI of the Civil Rights Act of 1964, apparently basing their claim of federal jurisdiction on an allegation that defendants were developing the auto plaza "with the assistance of Federal funding."
 
 
 4
 After some preliminary skirmishing, the City defendants served a request for admissions on the corporate plaintiff Orange Show in September 1990, including a request to admit that no federal funding was used in constructing the auto plaza. The Plaza defendants served requests on the individual plaintiffs Woods and Shack, who owned and operated Orange Show, in November 1990. None of the plaintiffs responded so that under Rule 36 the matters for which admissions were requested were admitted.
 
 
 5
 The trial was scheduled for May 1991. In March, each group of defendants served a notice of motion in limine to preclude plaintiffs from presenting at trial any evidence contradicting the matters on which admissions had been requested and (by default) obtained. In response to these motions, plaintiffs moved to withdraw their admissions. In April 1991, the district court ordered the matters specified in defendants' requests for admissions to be deemed admitted, in effect denying plaintiffs' request to withdraw their admissions. After the court denied reconsideration of its ruling, plaintiffs declined to proceed to trial. For that reason, the district court, on defendants' motion, dismissed the complaint in June 1991.
 
 II.
 
 6
 Plaintiffs claim that the district court committed reversible error in refusing to permit them to withdraw their admissions. A district court "may permit withdrawal or amendment [of admissions] when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." Fed.R.Civ.P. 36(b). "We review a district court's denial of a motion to withdraw or amend a Rule 36 admission for an abuse of discretion." 999 v. C.I.T. Corp., 776 F.2d 866, 869 (9th Cir.1985).
 
 
 7
 The individual plaintiffs each stated in depositions in 1988 that the Plaza defendants had never contracted with them or made any material representations to them. These statements make it extremely doubtful that anything, including allowing withdrawal of the Rule 36 admissions, would have materially assisted plaintiffs on the merits of their state-law causes of action. Also, defendants apparently relied on the Rule 36 admissions as they prepared for trial, foregoing additional discovery. In addition, plaintiffs waited until almost the eve of trial--many months after the requests had been made in September and November 1990--before asking for permission to withdraw their admissions. Indeed, they acted only after defendants had filed their notices of motion in limine to preclude evidence on the matters admitted. Under all the circumstances, we cannot say that the district court abused its discretion.
 
 
 8
 Finally, plaintiffs appear to argue that the district court made a clear error of law. Citing, among other cases, Pickens v. Equitable Life Assurance Soc'y, 413 F.2d 1390, 1393-94 (5th Cir.1969) (in double indemnity action against insurer, plaintiff wife-beneficiary not held to "clearly inadvertent" admission that death of insured husband was suicide), plaintiffs apparently contend that requests for admission can never be addressed to the "central issue" of a cause of action. Nothing in our precedents suggests that we should follow such a sweeping rule. On the contrary, we have noted that other courts have rejected such a rule and that a party can adequately protect itself from such broad requests by objecting to them. See Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1247-48 (9th Cir.1981). We need not decide whether plaintiffs' suggested limitation on requests for admission under Rule 36 might be justified in certain limited circumstances comparable in equitable appeal to those in Pickens. Under the circumstances here, the district court did not err in concluding that parties who have been as dilatory as plaintiffs have been are not entitled to the benefit of such a construction.
 
 
 9
 AFFIRMED.
 
 
 
 *
 Honorable Wilfred Feinberg, Senior United States Circuit Judge for the Second Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3